# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 5:11 pm, Mar 30, 2011

In the matter of: )
)  Chapter 11 Case
DEL-A-RAE, INC. )
)  Number 09-42267
         Debtor )

## ORDER ON DEBTOR'S MOTIONS TO SELL TIMBER

Debtor's Chapter 11 case was filed on October 5, 2009. On September 7, 2010, Debtor filed Motions seeking authorization to sell timber from various tracts of land which served as collateral for loans made by AgSouth Farm Credit, ACA ("AgSouth") and Citizens Bank of Effingham ("CBOE").

### I. The AgSouth Motion

Debtor moved this Court to allow the sale of timber from a tract in Effingham County which constitutes collateral held by AgSouth. Motion, Dckt. No. 184 (Sep. 7, 2010). That motion has been briefed. Brief in Support, Dckt. No. 234 (Nov. 8, 2010); Brief in Opposition, Dckt. No. 244 (Nov. 12, 2010). As to that Motion, after an Interim Order and a final hearing, the Court has granted AgSouth's Motion for Relief from Stay over the Effingham County Tract, thus mooting Debtor's Motion to Sell Timber as to that real estate. In re Del-A-Rae, Case No. 09-42267 (Bankr. S.D. Ga.) (Mar. 29, 2011).

AO 72A
(Rev. 8/82)

## II. The CBOE Motion

Debtor also filed a companion Motion seeking authorization to sell timber from certain property identified as the Ford Tract in Screven County, Georgia. Motion, Dckt. No. 185 (Sep. 7, 2010). That tract is encumbered by a security interest granted to CBOE. The Motion made reference to Debtor's contentions concerning the value of the land, the value of the timber, and the debt owed to CBOE.

CBOE filed a timely objection to Debtor's Motion to Sell Timber on October 14, 2010. Objection, Dckt. No. 212 (Oct. 14, 2010). CBOE and Debtor both briefed the issue. Brief in Support, Dckt. No. 234 (Nov. 8, 2010); Brief in Opposition, Dckt. No. 237 (Nov. 12, 2010). CBOE also disputed Debtor's proposed value of its collateral—which also included another tract known as the Dixon Tract—and this Court held a special valuation hearing on November 30, 2010. After that hearing I entered an Order dated December 22, 2010, establishing the following values:

|  | Debtor's Proposed Value | CBOE's Proposed Value | Value as Concluded by this Court |
|---|---|---|---|
| Ford tract land | $1,318,500.00 | $1,318,500.00 | $1,318,500.00 |
| Ford tract timber | $869,442.00 | $647,423.00 | $869,442.00 |
| **Total Ford tract Value** | **$2,187,942.00** | **$1,965,923.00** | **$2,187,942.00** |
| Dixon tract land | $1,828,455.00 | $1,628,540.00 | $1,728,288.00 |
| Dixon tract timber | $1,498,428.00 | $1,097,514.00 | $1,250,617.00 |
| **Total Dixon tract Value** | **$3,326,883.00** | **$2,726,054.00** | **$2,978,905.00** |
| **Total Value** | **$5,514,825.00** | **$4,691,977.00** | **$5,166,847.00** |

In re Del-A-Rae, Case No. 09-42267 (Bankr. S.D. Ga.) (Dec. 22, 2010).

After that valuation, as part of Debtor's evidence in the AgSouth Stay Relief Hearing, Debtor had the burden of showing that it had a feasible plan. To do so Debtor revealed that its earlier Disclosure Statement—filed on August 2, 2010—would be superseded by a yet-to-be-filed Plan proposing different treatment of CBOE's collateral. Part of that new Plan involved the sale of timber from CBOE's collateral in order to generate proceeds that could be used to service the debt on the AgSouth loan.

Therefore, as it relates to this Motion to Sell Timber, the facts supporting this Motion have substantially changed in the following ways since that Motion was briefed:

(1) Debtor's yet-to-be-filed Plan will seek authority to sell the timber pledged to CBOE (to which CBOE has objected) for purposes which are now moot as a result of this Court's granting of the Motion for Relief from Stay to AgSouth (*see* In re Del-A-Rae, Case No. 09-42267 (Bankr. S.D. Ga.) (Mar. 29, 2011));

(2) The Court has valued the CBOE collateral at $5.166 million rather than the $5.514 million advanced by Debtor (*see* In re Del-A-Rae, Case No. 09-42267 (Bankr. S.D. Ga.) (Dec. 22, 2010); and

(3) The Court has upheld CBOE's position on allowable interest which increases its current claim to $4.6 million, opposed to the $3.8 million contended by Debtor (*see* In re Del-A-Rae, Case No. 09-42267 (Bankr. S.D. Ga.) (Mar. 9, 2011)).

### III. CONCLUSION

It may be that these substantially altered facts result in no fundamental change to Debtor's legal authority to sell this timber. However, Debtor's equity position is much worse than Debtor anticipated when it formulated its timber sale proposal, and that may have an adverse impact on Debtor's ability to provide adequate protection. Still, it would be improvident for this Court to rule on the Motion to Sell Timber, given the current state of the record. In light of the events which have fundamentally changed the legal landscape, I have an imperfect record on which to base a ruling.

This Court previously set a deadline for Debtor to file a modified Plan in this case for March 31, 2011 (In re Del-A-Rae, Case No. 09-42267 p. 9 (Bankr. S.D. Ga) (Mar. 9, 2011)), but verbally informed the parties at the AgSouth Stay Relief Motion Hearing that that deadline would be extended until a reasonable time after the Court ruled on the AgSouth Motion for Relief.

### **O R D E R**

IT IS THEREFORE THE ORDER OF THIS COURT that:

1) Debtor's Motion to Sell Timber from the Ford and Dixon Tracts is DENIED on an interim basis and a new hearing will be assigned;

2) Debtor is granted until April 11, 2011, to file an Amended

Disclosure Statement and Plan, and if applicable, an Amended Motion to Sell Timber and a supplemental brief on that Motion;

3) CBOE and any other party in interest is granted until April 18, 2011, to file any supplemental brief they may believe is necessary or desirable to outline their respective legal positions on this Motion, in light of the terms of Debtor's newest Amended Disclosure Statement and Plan; and

4) A hearing to consider oral argument on the Motion will be scheduled for

> Tuesday, April 19, 2011
> at 12:00 Noon
> Bankruptcy Courtroom
> United States Courthouse
> Savannah, Georgia

IT IS FURTHER ORDERED that as a result of this Court's Order on the AgSouth Motion for Relief, Debtor's Motion to Sell Timber from AgSouth's collateral, Doc. No. 184, is DENIED as moot.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 30th day of March, 2011.

AO 72A
(Rev. 8/82)

5